IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR CHARLOTTE COUNTY, FLORIDA

DONNA GEE REVOCABLE TRUST DATED MAY 15, 2014,

CASE NO.:

    Plaintiff,

v.

HARTFORD INSURANCE COMPANY OF THE MIDWEST,

    Defendant.

_____/

### PLAINTIFF'S COMPLAINT FOR BREACH OF CONTRACT AND DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiff, DONNA GEE REVOCABLE TRUST DATED MAY 15, 2014, through the undersigned counsel, and hereby files this Complaint against Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST, and as grounds therefore states as follows:

    1.    This is an action for damages in excess of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of interest, attorneys' fees and costs, and is otherwise within the jurisdictional limits of this Court.

    2.    At all times material hereto, Defendant was an insurance company authorized to do business in the State of Florida and doing business and maintaining offices and/or agents for the transaction of its customary business in Charlotte County, Florida.

    3.    At all times material hereto, the damaged property is located in Charlotte County, Florida.

4. Prior to September 28, 2022, Plaintiff sought and purchased homeowner's insurance from Defendant to cover their property located at 2200 Via Veneto Drive, Punta Gorda, FL 33950 (hereinafter "Insured Property").

5. The subject policy of insurance, which is believed to be policy number 55RBB626666, was issued by Defendant to Plaintiff to provide property insurance coverage for the Insured Property.

6. Plaintiff has paid the premiums for the Contract prior to September 28, 2022.

7. At all times material hereto, Plaintiff and Defendant had a policy of insurance, Policy No. 55RBB626666, (hereinafter "Contract"). Plaintiff is not in possession of a complete certified copy of the Contract; however, the Contract is well known to and in the possession of Defendant, and Plaintiff have requested a formal copy of the Contract through a Request to Produce which has been served upon Defendant contemporaneously with this Complaint and the Contract is incorporated by reference herein. *See Equity Premium, Inc. v. Twin City Fire Ins. Co.*, 956 So. 2d 1257 (Fla. 4th DCA 2007); *Amiker v. Mid-Century Ins. Co.*, 398 So. 2d 974 (Fla. 1st DCA 1981); *Parkway General Hospital Inc. v. Allstate Ins. Co.*, 393 So. 2d 1171 (Fla. 3rd DCA 1981).

8. The Insured Property sustained direct physical damage as a result of hurricane Ian on or about September 28, 2022.

9. The policy described in paragraph 7 above was in full force and effect as of September 28, 2022.

10. Defendant received timely notice of the loss.

11. Defendant assigned the loss reported by Plaintiff and described in paragraph 8

above a claim number believed to be PP0019552527.

12. Defendant and its agents requested and were given access and the opportunity to inspect the Insured Property and the reported damage arising from the loss described in paragraph 8 above.

13. Prior to this action, the Defendant denied coverage and/or failed to issue full payment for the loss described in paragraph 8 above pursuant to the terms and coverages available under the Contract.

14. This is an action relating to Defendant's breach of Contract for its failure to provide the appropriate amount of coverage and properly pay the full amount of insurance proceeds owed to Plaintiff.

15. Jurisdiction and venue of this matter are proper in the Circuit Court for Charlotte County, Florida.

## COUNT I – BREACH OF CONTRACT

16. Plaintiff realleges and reincorporates paragraphs 1-15 as if fully stated herein, and further allege as follows:

17. During the above Contract period the Insured Property sustained direct physical damages to the property, including but not limited to the roof and dwelling.

18. Plaintiff provided timely notice of the loss, described in paragraph 8, above to the Defendant.

19. Prior to the initiation of this lawsuit, Defendant has denied coverage under the Contract for the damages referenced herein and/or has refused or otherwise failed to issue full payment to Plaintiff for the physical damages to the Insured Property sustained during the Contract period.

20. The Defendant has wrongfully determined the damages to the Insured Property are excluded under the Contract and/or represented that the damages are less than the damages actually sustained as a result of the loss.

21. The Plaintiff has provided notice, complied with all obligations, and conditions precedent to this lawsuit, and as required by Florida Statute, including F.S. § 627.70152,[1] which would entitle Plaintiff to recover under the Contract or such conditions/obligations have been waived.

22. The Plaintiff has complied with all policy obligations and conditions precedent to this lawsuit which would entitle the Plaintiff to recover benefits under the Contract, or such conditions/obligations have been waived.

23. Defendant has failed to provide complete coverage and/or issue full payment for the physical damages that occurred as a result of the loss during the Contract period.

24. This failure is contrary to the terms of the Contract and constitutes a breach of the Contract.

25. The Plaintiff has been damaged by this breach in the form of unpaid insurance proceeds needed to restore the Insured Property to its pre-loss condition as a result of Defendant refusing to provide complete coverage and pay the full amount owed under the Contract.

26. As a direct and proximate result of Defendant's breach of Contract, Plaintiff has been required to retain the services of the undersigned attorneys to represent and protect the interests of Plaintiff and Plaintiff has become obligated to pay them a reasonable fee for their services in bringing this action.

---

[1] Despite compliance with F.S. § 627.70152, Plaintiff does not concede nor contend such statute applies retroactively to policies that incepted or renewed prior to July 1, 2021 – i.e., the date F.S. § 627.70152 was enacted. *See Menendez v. Progressive Express Inc. Co.*, 35 So. 3d 873 (Fla. 2010).

27. In the event that Plaintiff prevails in this action, Plaintiff is entitled to an award of attorneys' fees and costs pursuant to section §627.428, §626.9373, §627.70152 and §57.041, of Florida Statutes and/or any other Florida Law.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, including but not limited to damages owed under the Contract, statutory interest, and attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiff further demands a trial by jury of all issues so triable as a matter of right.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a certified copy of the foregoing has been served on Defendant.

/s/Kyle Butz
KYLE M. BUTZ, ESQ.
Florida Bar No.: 125513
**DENNIS KESSLER, PLLC**
Attorneys for Plaintiff
333 SE 2nd Avenue, Suite 2000,
Miami, FL 33131
Phone: (813) 501-1514
Fax: (813) 522-6157
Primary: kbutz@dklawfl.com
Secondary: mruiz@dklawfl.com
e-service email address: eservice@dklawfl.com